

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-16-1095

| | |
|---|---|
| GREGORY ETZKORN | **Opinion Delivered** March 29, 2017 |
| APPELLANT | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. 42PJV-15-14] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | HONORABLE TERRY SULLIVAN, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## N. MARK KLAPPENBACH, Judge

Gregory Etzkorn appeals from the Logan County Circuit Court's order terminating his parental rights to his two children, T.E. and A.E.[1] Appellant's attorney has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. The clerk of this court sent a copy of the brief and motion to be relieved to appellant's last-known address, informing him that he had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3), but appellant did not respond.

We review cases involving the termination of parental rights de novo. *Jessup v. Ark.*

---

[1]The parental rights of the children's mother, Kimberly Wright, were also terminated by this order, but she is not a party to this appeal.

SLIP OPINION

*Dep't of Human Servs.*, 2011 Ark. App. 463, 385 S.W.3d 304. The grounds for termination must be proved by clear and convincing evidence. *Id.* When the burden of proving a disputed fact is by clear and convincing evidence, the question on appeal is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous, giving due regard to the opportunity of the circuit court to judge the credibility of the witnesses. *Id.*

Appellant's children were taken into custody in May 2015 due to parental unfitness and environmental neglect after police had been called to their home by appellant's girlfriend during a domestic-violence incident. Appellant was arrested on several charges, and the home was found to be cluttered with trash, old food, and animal feces. The children had been the subject of two prior protective-services cases. At the adjudication hearing, the court found that appellant had physically abused his girlfriend and that he had recently been placed on five years' suspended imposition of sentence after pleading guilty to possession of methamphetamine with intent to deliver and possession of drug paraphernalia. At a review hearing six months after the case had begun, the court found that appellant had failed to attend counseling, parenting classes, or a psychological evaluation. Appellant also exhibited disruptive behavior in court and during his visitation with the children. The trial court ultimately changed the goal of the case to adoption upon finding that appellant had not made significant, measurable progress toward achieving the goal of reunification.

The evidence at the August 2016 termination hearing established that appellant had

visited the children only about four times during the case, and the last visit was in late 2015. Although appellant eventually submitted to a psychological evaluation and began counseling, he did not complete a drug-and-alcohol assessment or anger-management classes as ordered by the court. Appellant denied having abused his girlfriend and claimed that he did not have anger issues. He tested positive for methamphetamine on the date of the termination hearing. Recent photographs of appellant's home admitted into evidence showed that the home continued to be in poor condition despite appellant's testimony that it was "pretty clean." The caseworker testified that the children were likely to be adopted.

The trial court found that the Department of Human Services had proved four grounds for termination, including the "failure to remedy" ground,[2] and that it was in the children's best interest to terminate appellant's parental rights, taking into consideration the likelihood that the children would be adopted and the potential harm that would be caused by returning custody of the children to appellant. *See* Ark. Code Ann. § 9-27-341(b)(3). The trial court found that appellant had refused to engage in the counseling and treatment designed to correct the problems that caused the removal of the children and that the photographs of the home showed that it was in almost as bad a condition as it was when the

---

[2]Pursuant to Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)*(a)* (Repl. 2015), this ground is satisfied by proof that a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

SLIP OPINION

children were removed. The court also noted appellant's positive drug test, his failure to visit the children, and his unwillingness to work on the caseplan. We agree with counsel that there is no meritorious basis upon which to argue that the trial court's decision to terminate appellant's parental rights was clearly erroneous. As counsel notes, this was the sole adverse ruling from the termination hearing.

From our review of the record and the brief presented to us, we conclude that counsel has complied with the requirements for no-merit appeals and that the appeal is wholly without merit. Accordingly, we affirm the termination order and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and VAUGHT, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

No response.